

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1262-09

**SHELDON KEITH CRAIN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS POTTER COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.**

In concluding that a reasonable person would not have felt free to decline Officer Griffin's request to "Come here and talk to me," the Court overlooks the obvious: appellant did decline the request. He evidently did not think it was a command that had to be obeyed, because he did not obey it. Appellant looked back at Officer Griffin, took a few more steps, and then stopped, but he did not obey what the Court refers to as a "request," and the concurring opinion calls a "command."

Furthermore, the Court says that Officer Griffin's statement to appellant was a "request" that sounded like an order. I am at a loss to understand why this Court thinks that it knows better than

the trial court what the request sounded like. The concurring opinion analogizes Officer Griffin's statement to a mother using a "sugary tone of voice" while nevertheless letting her child know that there will be consequences for disobedience. But we don't know what Officer Griffin's tone of voice was. We defer to the trial court because, unlike us, that court actually heard the officer's tone of voice as he repeated his statement at trial.

And it is not just the tone of voice about which we owe deference to the trial court. The trial court was entitled to put the specific words said (in whatever tone) in context with the rest of the officer's testimony. Here is what Officer Griffin actually said when he saw appellant walking across someone's yard after midnight:

"I...I spotlighted him, saw him – get a good look at him, and I asked him to come over and talk to me."

"Well, I called him from my patrol – while I was sitting in the patrol car and asked him to come over and talk to me."

"I – I believe I told him, hey, come over here and talk to me."

"Well I just wanted to interview him and I wanted to see, you know what – due to the burglaries in the area, I wanted to see what he was – if he lived in the area or – and where he was going, you know, just to, you know get a feel of what – what this individual is doing here after midnight."

"We were just going to talk to him, see what he was doing and where he was headed, where he was coming from."

On cross-examination, when asked directly whether he "told him to get over here" or "asked" him, Officer Griffin said, "Well, I asked him." He testified that he asked him by saying, "Come over

here and talk to me." I believe the Court errs in confining its analysis to the most restrictive view of the words used rather than considering the entirety of the testimony. "Hey, come over here and talk to me" may or may not sound like a command. It was up to the trial court to decide whether those words, said in the tone of voice the court listened to, and in the context of all the evidence, were a command or a request.

Moreover, the fact that appellant did not comply with the officer's request is relevant to the legal issue before us. In *Estrada v. State*, Estrada argued that his own subjective belief that he was free to leave was irrelevant because the legal test for custody is an objective one. We disagreed, saying that it is relevant to the legal test for custody that a defendant "subjectively believes that he is free to leave while the police are questioning him."[1] In determining whether the officer "commanded" appellant to "come over," the trial court was entitled to conclude that appellant did not consider it a command, since he did not obey it.

Also, even if the police officer's request were construed to be a command to "come over," no seizure would have occurred until appellant complied.[2] The trial court could have concluded that, before appellant had complied with any show of authority, the officer had smelled marijuana, giving the officer a reasonable basis for detention.

I am not entirely sure that the specific issue before us was preserved. The motion to suppress referred to various constitutional provisions without any attempt to apply them specifically to the

---

[1] *Estrada v. State*, ____ S.W.3d____, ____ n.21 (Tex. Crim. App. June 16, 2010).

[2] *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (where physical force is absent, a seizure occurs only when there is "*submission* to the assertion of authority") (emphasis in original).
.

facts. At the hearing, the argument was not about whether there was an encounter or a detention, but about whether Officer Griffin had a right to detain appellant when the officer first saw him. Defense counsel cited cases that hold, essentially, that facts such as it being late at night and in a high-crime area are not sufficient to justify detaining an individual. The State pointed out that, unlike in those types of cases, once Officer Griffin approached appellant and smelled marijuana, he did have a right to detain him. In other words, the arguments to the trial court concerned only whether the actual undisputed detention (after marijuana was smelled) was justified; they did not concern the nature of the initial meeting.

In closing, the assistant district attorney argued that the officer had a right to approach the individual in a public place to ascertain information to protect the public. He said, "[T]o hold otherwise - - I mean, my God, that - - what do we have them in the streets for?" I have to agree.

I respectfully dissent.

FILED: June 30, 2010
PUBLISH